JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the Cleveland Municipal Court and the briefs.
 {¶ 2} The appellant, Alexander Morales, appeals the decision of the Cleveland Municipal Court, which denied his motion to suppress potentially damaging statements made by him prior to being formally placed under arrest.
 {¶ 3} The instant matter stems from a domestic dispute between Morales and his girlfriend, Lydia Almodovar, on November 15, 2001 at the home of Almodovar's mother. Because of the nature of the dispute, Almodovar's mother phoned 9-1-1 seeking help and stating that there were possibly weapons involved in the dispute. Two police officers arrived at the scene and found the appellant underneath blankets on the bed in the bedroom. Since the police officers were aware that weapons may have been involved, Morales was placed in handcuffs and ordered to sit on the bed.
 {¶ 4} In an attempt to determine what had occurred, the parties were questioned separately. Officer Gulas questioned Morales, while Officer Gonzales questioned the Almodovars. The entire sequence of questions posed to Morales by Officer Gulas occurred while he was handcuffed. During the questioning, Morales admitted to hitting Almodovar and throwing the telephone against the wall. At the conclusion of questioning, the officers placed Morales in the squad car, read him hisMiranda rights, and placed him under arrest for the offense of domestic violence.
 {¶ 5} At trial, counsel for Morales sought to suppress the statements he made to Officer Gulas arguing that his Miranda rights had been violated because the officer failed to formally Mirandize him prior to questioning. The lower court denied said motion and, at the conclusion of the bench trial, Morales was found guilty of domestic violence, in violation of R.C. 2919.25(A).
 {¶ 6} For the following reasons, we find the appellant's arguments to have merit and hereby vacate the denial of the motion to suppress and remand for further proceedings.
 {¶ 7} The appellant presents one assignment of error for this court's review:
 {¶ 8} "I. THE TRIAL COURT SHOULD HAVE GRANTED DEFENDANT-APPELLANT'S MOTION TO SUPPRESS INCRIMINATING STATEMENTS ALLEGEDLY MADE BY THE DEFENDANT DURING A CUSTODIAL INTERROGATION AS THE GOVERNMENT VIOLATED THE DEFENDANT'S RIGHTS UNDER MIRANDA V. ARIZONA AND THE FIFTH AND SIXTH AMENDMENTS."
 {¶ 9} The appellant argues that he was entitled to Miranda
warnings prior to being questioned and, because he was never advised of his rights, the lower court should have suppressed the evidence of his statements. We find this argument to have merit.
 {¶ 10} After arriving on the scene, the officers placed the appellant in handcuffs and ordered him to remain on the bed. While the appellant was handcuffed, Officer Gulas proceeded to question him concerning the events which precipitated the officers' arrival. At no time prior to this questioning did Officer Gulas inform the appellant of his Miranda rights.
 {¶ 11} The scope of our review on a motion to suppress was set forth by this court in State v. Faia (July 23, 1998), Cuyahoga App. No. 73074, as follows:
 {¶ 12} "In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Smith
(1991), 61 Ohio St.3d 284; State v. Fanning (1982), 1 Ohio St.3d 19,437. Accordingly, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Klein (1991), 73 Ohio App.3d 486. Accepting those facts as true, we must independently determine, as a matter of law and without deference to the trial court's conclusion, whether they meet the appropriate legal standard." See, also, State v. Retherford (1994), 93 Ohio App.3d 586,592.
 {¶ 13} The Fifth Amendment to the United States Constitution provides persons with a privilege against compelled self-incrimination. Pursuant to Miranda v. Arizona (1966), 384 U.S. 436, 471-472,86 S.Ct. 1602, 16 L.Ed.2d 694, 722, an individual must be advised of his or her constitutional rights when law enforcement officers initiate questioning after that person has been taken into custody or otherwise deprived of his or her freedom in any significant way. Any statement given under custodial police interrogation, without the Miranda warnings first being given, may later be excluded from use by the state in any resulting criminal prosecution. Id. at 476, 86 S.Ct. at 1629.
 {¶ 14} It is well established that Miranda warnings must be given only where the individual being questioned is in custody; in other words, only where questions are posed as part of a "custodial interrogation." California v. Beheler (1983), 463 U.S. 1121, 1124,103 S.Ct. 3517, 3519, 77 L.Ed.2d 1275. When determining whether an individual is in custody for purposes of Miranda, it must be determined whether there was either a formal arrest or a restraint of the individual's freedom of movement commensurate with that of a formal arrest. Id. at 1125, 103 S.Ct. at 3520. "The Miranda decision makes it clear that theMiranda warnings must be given whenever one is deprived of his freedom in any `significant' way. The key to determining if a `custodial interrogation' is occurring is the word `significant.' If there has been a significant deprivation of freedom, there is a custodial interrogation. If, on the other hand, there is a deprivation of freedom of action but it is not significant, there is no custodial interrogation. The deprivation of freedom sufficient to create a `custodial interrogation' situation need not be as great as an arrest,Orozco v. Texas (1969), 394 U.S. 324, 22 L.Ed.2d 311, but it must be more than general on-the-scene questioning." State v. Smith (Dec. 12, 1981), Cuyahoga App. No. 43490.
 {¶ 15} In the case at hand, it is abundantly clear that the appellant's freedom was deprived to an extent sufficient to create a "custodial interrogation." In order to investigate the situation, the officers questioned the parties separately. In questioning the appellant, Officer Gulas handcuffed him and restricted his freedom of movement. In being handcuffed and isolated, there is no question that the appellant considered his freedom of movement to be restricted. Further, the appellant was restricted to a single room in his girlfriend's house. Moreover, the fact that the officer refused to allow the appellant to leave the room prior to being questioned further exacerbated the appellant's belief that he was not free to leave. Last, we note that there are situations where officer safety is of concern and the handcuffing of a suspect may be warranted, but this matter fails to reach that level since the appellant was not armed, nor did he pose a threat to the responding officers.
 {¶ 16} The state places much emphasis on Ohio's Preferred Arrest Policy in Domestic Violence Cases dictum, which sets forth procedures and policies relating to the investigation of domestic violence cases, to justify the actions of the officers in the case at hand. Specifically, the Ohio Revised Code requires local police departments to adopt procedures and policies relating to officer response to an alleged incident of domestic violence or of violating a protection order, according to the provisions of R.C. 2935.03. See, R.C. 2935.032(A). R.C.2935.03(B)(3)(b) articulates Ohio's preferred arrest policy in these cases:
 {¶ 17} "If * * * a peace officer has reasonable grounds to believe that the offense of domestic violence * * * has been committed and reasonable cause to believe that a particular person is guilty of committing the offense, it is the preferred course of action in this state that the officer arrest and detain that person."
 {¶ 18} The statute further requires that the officer determine who is the primary aggressor before making any arrest. R.C. 2935.03
(B)(3)(b). In addition, there is no preferred course of action regarding any family member the officer does not believe to have been the primary aggressor in the situation. See id.
 {¶ 19} Regardless of whether the officer actually arrests someone in connection with an alleged incident of domestic violence, he or she must make a written report of the incident; if there is no arrest, this report must include a clear statement of the officer's reasons for not arresting the alleged offender. See R.C. 2935.032(D).
 {¶ 20} In further support, the state points to the City of Akronv. Sutton (Apr. 4, 2000, Summit Cty.), 106 Ohio Misc.2d 46, a factually similar matter in which a municipal court denied the defendant's motion to suppress because the statements made by the defendant did not rise to the level of a custodial interrogation in which the defendant could reasonably have felt constrained. In Sutton, the police officers arrived to investigate an alleged domestic violence incident. The officers spoke with the wife outside the home while the defendant remained inside the house. The officers then proceeded into the house and questioned the defendant concerning the incident. During the questioning, the defendant admitted to hitting his wife and threatening to kill her. At no time during the questioning of the defendant did the officers handcuff or restrain the movement of the defendant. In denying the motion to suppress, the Sutton court reasoned that the officers' questions were intended to investigate the alleged incident, and under Ohio's Preferred Arrest Policy in Domestic Violence Cases, the officers were under a duty to fully investigate the incident. As such, they were not intending to coerce a confession from the defendant.
 {¶ 21} Although factually similar to Sutton, the case at hand contains a distinct difference which can only render the appellant's statements spoiled. First, unlike the defendant in Sutton, the appellant in this case was handcuffed and forced to remain seated on the bed. Second, the appellant was forced to remain in the bedroom while the officers investigated and questioned others in the house. Unlike Sutton, the appellant's freedom of movement was clearly severely restrained due to the actions of the officers.
 {¶ 22} Moreover, R.C. 2935.03(B)(3)(b) articulates Ohio's preferred arrest policy in these cases:
 {¶ 23} "If * * * a peace officer has reasonable grounds to believe that the offense of domestic violence * * * has been committed and reasonable cause to believe that a particular person is guilty of committing the offense, it is the preferred course of action in this state that the officer arrest and detain that person."
 {¶ 24} Unlike the trial court in Sutton, we do not believe that the statute entitles an investigating officer carte blanche freedom in questioning anyone involved in a domestic violence dispute without regard to applicable Miranda warnings. In giving R.C. 2935.03 (B)(3)(b) plain and ordinary reading, there is simply no directive which would permit an officer to freely question any individual involved in a domestic dispute without regard to the applicable Miranda warnings. The statute simply states that it is the "preferred course of action to arrest or detain" the guilty party when the officer has reasonable cause to believe that a particular person is guilty. In no manner does the statute permit the investigating officer free rein in determining the guilty party without first recognizing the constitutional protections afforded to a defendant. To allow such a course of action would, for all intents and purposes, extinguish the protections afforded a suspect by Miranda in domestic violence cases.
 {¶ 25} As such, and in light of the above, the appellant's sole assignment of error is well taken. The judgment of the lower court is hereby vacated, and this cause is remanded.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., CONCURS.
 ANN DYKE, J., DISSENTS.